United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| ADOLFO MARTINEZ, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4218 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Allstate Vehicle and Property Insurance Company denied Adolfo Martinez's claim for fire damage to his home on the ground that Martinez had lied in his insurance application. Martinez asserts breach of contract and statutory causes of action. Allstate has moved for summary judgment, arguing that the homeowner's policy it had issued to Martinez is void as a matter of law because of Martinez's misrepresentations. Because fact issues preclude summary judgment, the motion is denied on the basis of the present record.

**I.     Background**

The plaintiff, Adolfo Martinez, purchased homeowner's insurance from Allstate Vehicle and Property Insurance Company. (Docket Entry No. 11-2). The policy was effective from May 29, 2020 to May 29, 2021. (*Id.* at 4). In December 2020, Martinez's home was damaged by a fire. (Docket Entry No. 12-3). Martinez submitted a claim to Allstate under the policy. (Docket Entry No. 11-6).

After an investigation, Allstate denied the claim and declared the policy void because it determined that Martinez had made false statements in his insurance application. (*Id.*). According

to Allstate, Martinez had stated in the application that his home was currently covered by property insurance from Wellington Insurance Group, and that the Wellington policy would expire on August 15, 2020. (Docket Entry No. 11-3 at 4). In fact, the Wellington policy that previously covered Martinez's home had expired in April 2017. (Docket Entry No. 11-4 at 3).

Allstate based its authority to void the policy on the following boiler provisions in Martinez's insurance application:

> In reliance on the statements in this application and subject to the terms and conditions of the policy authorized for the Company's issuance to the applicant, the Company named above binds the insurance applied for[.]
>
> . . .
>
> To the best of my knowledge the statements made on this application, including any attachments, are true. I request the Company, in reliance on these statements, to issue the insurance applied for. The Company may recompute the premium shown if the statements made herein are not true. In the event of any misrepresentation or concealment made by me or with my knowledge in connection with this application, the Company may deem this binder and any policy issued pursuant to this application, void from its inception. This means that the Company will not be liable for any claims or damages which would otherwise be covered.

(Docket Entry No. 11-3 at 5).

In September 2022, Martinez sued Allstate in Texas state court, alleging causes of action for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, fraud, and conspiracy to commit illegal acts. (Docket Entry No. 1-3).

Allstate has moved for summary judgment, (Docket Entry No. 11), and Martinez has responded, (Docket Entry No. 12). Based on the record, the briefs, and the applicable law, the motion is denied. The reasons are set out below.

## II.     The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th

3

576, 581 (5th Cir. 2021) (quoting references omitted).  The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted).  Of course, all reasonable inferences are drawn in the nonmovant's favor.  *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

### III. Analysis

An insurance company seeking to void a policy on the basis of a misrepresentation must establish: (1) the making of a representation; (2) falsity of the representation; (3) reliance thereon by the insurer; (4) intent to deceive by the insured in making the representation; and (5) materiality of the representation.[1]  *Mayes v. Massachusetts Mutual Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980); *Protective Life Ins. Co. v. Russell*, 119 S.W.3d 274, 280 (Tex. App.—Tyler 2003, pet. denied).  Allstate concedes that factors four and five—intent to deceive and materiality—ordinarily

---

[1] The element of materiality is governed by section 705.004 of the Texas Insurance Code, which provides:

> (a) An insurance policy provision that states that false statements made in the application for the policy or in the policy make the policy void or voidable:
>
>> (1) has no effect; and
>>
>> (2) is not a defense in a suit brought on the policy.
>
> (b) Subsection (a) does not apply if it is shown at trial that the matter misrepresented:
>
>> (1) was material to the risk; or
>>
>> (2) contributed to the contingency or event on which the policy became due and payable.
>
> (c) It is a question of fact whether a misrepresentation made in the application for the policy or in the policy itself was material to the risk or contributed to the contingency or event on which the policy became due and payable.

4

present fact issues. But it contends that this case presents "unique circumstances" allowing those elements to be established as a matter of law. The court is not persuaded.

The following factual disputes preclude summary judgment for Allstate: (1) whether Martinez represented to Allstate that his home had been and would be insured by Wellington until August 2020; and (2) if the statement was made: (a) whether Allstate relied on it; (b) whether Martinez intended to deceive Allstate; and (c) whether the statement was material.

### A.  Representation

In his affidavit, Martinez denies ever having "provide[d] any information to Allstate about [his] prior insurance with Wellington Insurance Company." (Docket Entry No. 12-1 at 2). The application for insurance in the record reflects that Martinez represented that his home had been insured by Wellington. (Docket Entry No. 11-3 at 4). But Martinez's contrary statement in his affidavit must be taken as true for summary judgment purposes. This creates a factual dispute material to determining whether Martinez made the alleged misrepresentation about the Wellington policy.

### B.  Reliance

Allstate asserts that reliance can be determined as a matter of law because the insurance application states that Allstate bound the insurance "[i]n reliance on the statements in this application." (Docket Entry No. 11 at 6). A boiler statement that an insurance company is relying on all the statements in an application for insurance is insufficient to establish reliance as a matter of law. Allstate must produce evidence that it relied on the specific statement at issue.

### C.  Intent to Deceive

Martinez stated in his affidavit that he "believed that [he] had insurance coverage on [his] property at the time [he] applied for the Allstate policy" and "did not intentionally provide any

false or misleading information to Allstate." (Docket Entry No. 12-1 at ¶ 14). He also stated that "the last insurance policy [he] had on [his] property was with Ovation Services, with effective dates between September 29, 2020, and September 29, 2021. (*Id.* at ¶ 13). The record contains evidence of insurance issued by Ovation, reflecting homeowner's insurance, including fire coverage, on Martinez's property with effective dates of September 29, 2020 through September 29, 2021. (Docket Entry No. 12-2). This evidence creates a factual dispute material to determining whether Martinez intended to deceive Allstate.

      **D.**     **Materiality**

Allstate argues that materiality is established as a matter of law because Allstate would not have issued insurance to Martinez had it known that his home had not been covered for twelve continuous months at the time of the application. (Docket Entry No. 11 at 8–9). Allstate also relies on a boiler provision in the application stating that Allstate, "[i]n the event of any misrepresentation or concealment[,] . . . may deem this binder and any policy issued pursuant to this application[] void from its inception." (*Id.*). As explained, Allstate's reliance on boiler provisions to establish reliance and materiality is misplaced. And the evidence fails to establish as a matter of law that Allstate had, at the time it issued insurance to Martinez, a firm policy of denying applications for homeowner's insurance on homes that have had significant lapses in coverage. The only evidence of such a policy appears in Allstate's May 2021 letter to Martinez declaring the policy void:

> Applicants must have 12 months of continuous prior property and liability insurance, with no more than a 30-day lapse in coverage, when the need existed.
>
> A claim investigation revealed that you did not have prior insurance for 3 years and/or since 2017, at the time your policy was issued on May 29, 2020. You noted this information on your application. Had this information been given at the time of the application no policy would have been written.

(Docket Entry No. 11-6 at 1–2).

6

Allstate has not produced anything like a declaration from an Allstate corporate representative stating that this was Allstate's official policy in May 2020, when it issued insurance to Martinez, and that the policy would have applied to Martinez's home.

## IV.  Conclusion

The present record is insufficient to grant summary judgment for Allstate. The motion for summary judgment is denied. (Docket Entry No. 11).

SIGNED on May 31, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge